IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RUTH FALLS MILLER and HOWARD J. MILLER,** *Plaintiffs*, v. **KENNETH FOWLER, in his individual and official capacity as Chairman of the Twiggs County Commission and former Twiggs County Probate Judge, GARY NOBLES, JR., in his individual and official capacity as Twiggs County Probate Judge; and TWIGGS COUNTY BOARD OF COMMISSIONERS,** *Defendants*. | **CIVIL ACTION NO. 5:18-cv-00442-TES** |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs filed a Motion for Reconsideration [Doc. 11] requesting that the Court reconsider its Order [Doc. 7] granting their Motion to Proceed *In Forma Pauperis* [Doc. 2], but dismissing their Complaint [Doc. 1] as frivolous. For the reasons that follow, the Court **DENIES** Plaintiffs' motion.

Pursuant to this Court's local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if Plaintiffs demonstrate that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the

parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

While Plaintiffs ask the Court to reconsider its Order dismissing their Complaint as frivolous, they offer no basis for disturbing the Court's previous ruling. Plaintiffs' motion fails to identify a change in the law, proffer novel evidence, or otherwise demonstrate that the Court's rulings are clearly erroneous and work manifest injustice. *See Bryant*, *supra*. Repeating the assertion that Defendants violated Plaintiffs' Fourteenth Amendment rights falls well below the standard for reconsideration. *Holt v. United States*, 249 F. App'x 753, 757 (11th Cir. 2007).

These claims are simply yet another attempt to relitigate old matters or reargue issues already settled by the Court. Thus, they do not merit reconsideration, and the Court's Order dismissing all claims against Defendants stands. *Smith*, 488 F. App'x at 428. Accordingly, the Court **DENIES** Plaintiffs' Motion for Reconsideration [Doc. 11].

**SO ORDERED** this 23rd day of January, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**